FREEMAN & SIMMONS *v.* STURGIS NATIONAL BANK.

LUMPKIN, J.—When, on the trial of a claim case, there was no evidence at all showing that the property levied on either belonged to, or was in possession of, the defendant in *fi. fa.*, the court rightly ordered the levy to be dismissed.     *Judgment affirmed.*
February 7, 1891.

Claim. Levy. Evidence. Before Judge MILLER. Bibb superior court. April term, 1890.

An attachment *fi. fa.* in favor of Freeman & Simmons against Marmon was levied upon a car-load of oats, which was claimed by the Sturgis bank. On the trial the plaintiffs introduced a bill of lading issued by a railroad company to Marmon, for transportation of the oats from Hillsboro, Texas, to Macon, Georgia, consigned to the order of J. N. Porter, cashier; containing direction to notify Freeman & Simmons, and endorsed, "Deliver to the order of J. W. Cabaniss, cashier. C. A. Sullensberger, assistant cashier." Also, a draft attached to this bill of lading, drawn by Marmon in favor of Porter, cashier, on one Stroemer, Macon, Georgia, and endorsed by the Sturgis bank, Hillsboro, Texas, with the further endorsement (signed by Porter, cashier) to pay to Cabaniss, cashier, or order, for collection, and credit the Sturgis bank. Freeman, one of the plaintiffs, testified that their claim against Marmon arose out of a purchase from him of a lot of oats, of which this car was a part; that he never heard of Rosenbaum Bros. or the Sturgis bank until the filing of the claim, the entire transaction being by letters and telegrams, and his knowledge being derived entirely from the correspondence, he having never seen Marmon or had any dealings with him otherwise; and that the draft for the purchase price of the oats with the bill of lading attached was presented to plaintiffs for payment, and they refused to pay it. It further appeared that

Marmon was a clerk for Rosenbaum Bros., who by his consent used his name and bought the oats with money furnished by the Sturgis bank, under an agreement that that bank was to have the proceeds of the sale and that the bill of lading and draft should be made in its favor, which was done, the bank holding them as collateral security for what was due it by Rosenbaum Bros., and when the draft was drawn, crediting their account with the amount of the draft; and it never knew Marmon in connection with the oats, and they were never the property of Marmon, but were bargained to the plaintiffs by Rosenbaum Bros. Porter was the cashier, and Sullensberger the assistant cashier, of the Sturgis bank; and the draft and bill of lading attached became the property of that bank, and were sent by it to the bank in Macon, of which Cabaniss was cashier, for collection and remittance. The oats were not to be delivered to the plaintiffs except upon payment of the draft. When they were shipped, Rosenbaum Bros. owed the bank several thousand dollars; the bank advanced them money for no particular time. Plaintiffs must have known, before they instituted their suit, that Marmon was not the owner of the oats, as Rosenbaum Bros. over their firm name had written to them, enclosing an invoice of the oats and informing them of a draft being drawn on them.

The levy was dismissed for want of proof, and the claim sustained. The plaintiffs excepted.

M. R. FREEMAN, by brief, for plaintiffs.
STEED & WIMBERLY, by brief, for defendants.